IN THE UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Nov 13 2018
U.S. DISTRICT COURT
Northern District of WV

JAMES A. MOORE, JR.

      Plaintiff,

v.

ICG TYGART VALLEY, LLC,
d/b/a ACI TYGART VALLEY,
operator of LEER MINING COMPLEX, and
ARCH COAL, INC.

Civil Action No.:  1:18-CV-209

Judge:  Keeley

## COMPLAINT AND MOTION TO STAY

1.      Plaintiff, James A. Moore, Jr., brings this suit against ICG Tygart Valley, LLC d/b/a ACI Tygart Valley, operator of Leer Mining Complex ("Leer") and Arch Coal, Inc. ("Arch") to obtain full and complete relief for injuries he suffered while working as a coal miner at Leer's coal mine in Taylor County, West Virginia. Plaintiff's claims arise under W. Va. Code § 23-4-2(d)(2)(B) and under the common law of the State of West Virginia. The claims under § 23-4-2(d)(2)(B) *et seq.* are supported by the Verified Statement of mine safety expert Charles Carpenter, attached hereto as Ex. A, as required by W. Va. Code § 23-4-2(d)(2)(B) and the report of Dr. Bruce Guberman, attached hereto as Ex. B.

2.      Plaintiff further states that, because there has not been a final decision on his entitlement to Permanent Partial Disability Benefits ("PPD Benefits"), this case should be stayed pending a final decision on the PPD Benefits to which he is entitled.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE

4.      Venue lies in the Northern District of West Virginia because pursuant to 28 U.S.C.

§ 1391(b)(1) and (2) as one or both defendants reside in the Northern District and "a substantial part

of the events or omissions giving rise to the claim occurred" here.

## PARTIES

5.      Plaintiff is, and was at all relevant times herein, a resident of Preston County, West

Virginia, who began working as an underground coal miner for Leer in September 2012, and was,

at all times relevant herein, an employee of Leer.

6.      Defendant Leer is an authorized foreign limited liability company engaged in the

business of mining coal in West Virginia.

7.      Defendant Arch is a foreign corporation engaged in the business of mining coal,

including mines in West Virginia.  On information and belief, it provides safety and other services

to Leer.

## FACTS

8.      Moore began working as an underground coal miner for approximately ten (10) years,

the last four (4) of which were at the Leer Mine.

9.      In November 2016, Moore was working as a shuttle car operator at the Leer Mine.

10.      For several months prior to November 14, 2016, the brakes on Moore's shuttle car

were defective, locking up at times while Moore operated the shuttle car and creating a specific

unsafe working condition that endangered Moore, others using the shuttle car, and miners who may

have been in proximity to the shuttle car when the brakes locked up.

11. Concerned about safety, Moore repeatedly reported the unsafe working condition caused by the defective brakes to others, including the section foreman, the section mechanic and the maintenance foreman for the shift.

12. Thus, defendants were well aware of the problem with the brakes and the specific unsafe working condition created by the problem, because Moore repeatedly notified the foregoing individuals about the problem with the brakes.

13. The shuttle car had a defective brake valve that caused the brakes to lock unexpectedly, causing the shuttle car to lurch to a stop. This throws the operator forward and up, resulting in the loss of control of the shuttle car, endangering persons in proximity to the machine as well as the operator of the machine.

14. Although management at the mine was well aware of the unsafe working condition caused by the defective brakes on the shuttle car prior to November 14, 2016, it failed to repair the brakes or take the shuttle car out of service until the brakes were repaired.

15. Despite the danger presented by operating a shuttle car with brakes that locked up and the defendants' knowledge of that danger, the problem with the brakes was not corrected prior to November 14, 2016.

16. On or about November 14, 2016, Moore was driving his shuttle car when the brakes locked up, the shuttle car bucked and Moore was thrust upward, jamming his head into the canopy over the shuttle car and injuring his cervical spine.

17. As the brakes locked and Moore was thrust out of his seat, he held on to a handhold directly to his right to help stabilize himself. This caused an injury to his right shoulder as he held tightly to the handhold and was tossed upward inside the driver's compartment.

18.     Moore's injuries included damage to his neck and right shoulder, both of which required medical treatment including a C5-C6 anterior cervical diskectomy and fusion by Dr. John France and a right shoulder arthroscopy with biceps tenodesis by Dr. George Bal.  These surgeries resulted in permanent scarring.

19.     Prior to November 14, 2016, Moore had no history of cervical pain with or without radiculopathy.

20.     Following his injury of November 14, 2016, Moore suffered from cervical pain with radiculopathy and from right shoulder pain as is evident in his medical records following his injury.

21.     After Moore was injured, Leer finally corrected the specific unsafe working condition by repairing the brakes on the shuttle car.

22.     Moore filed a worker's compensation claim for his injury of November 2016. Although the claim was held compensable for neck pain and his shoulder injury, the Claim's Administrator denied that Moore's cervical injury with radiculopathy was a compensable claim even though he had no prior history of neck pain and no prior history of radiculopathy.

23.     Moore protested the denial of his claim for his cervical pain with radiculopathy and his protest is now pending before the Office of Judges ("OOJ").

24.     On information and belief, Arch has a safety department that sets standards for and/or directs Leer management with regard to safety at the Leer Mine.  Moreover, on information and belief, Arch's safety department also monitors safety at Arch's coal mines, including the Leer Mine, and knew or should have known about the unsafe working condition caused by the defective brakes on the shuttle car.

25.     Arch knew or should have known of the problem with the brakes on the shuttle car and the failure of Leer to correct the problem.  Moore not only complained about the brakes to Leer

management, he also filled out forms to notify Arch's safety department about the problem with the brakes.  However, on information and belief, Arch took no action to address and eliminate the unsafe working condition.

### FIRST CAUSE OF ACTION
### (Deliberate Intent)

26.     Defendant Leer is liable for the injuries to Moore arising out of the events described above pursuant to W. Va. Code § 23-4-2(d)(2)(B).

27.     In support of Moore's allegations of the existence of a specific unsafe working condition, violations of relevant safety statutes, regulations and industry safety standards as the contributing and/or proximate cause of Moore's injuries, Moore attaches Ex. A, the verified statement of mine safety expert, Charles Carpenter.

28.     Moore further states that, on and prior to November 14, 2016, defendant Leer violated § 23-4-2(d)(2)(B)(ii) as follows.

(i)     The failure of Leer management to ensure that the brakes on the shuttle car were properly repaired prior to November 14, 2016, and/or the failure to take that shuttle car out of service until the problems with the brakes were corrected created a specific unsafe working condition which presented a high degree of risk and a strong probability of serious injury or death to Moore and his fellow coal miners.

(ii)     Prior to the injury to Moore on November 14, 2016, defendants had actual knowledge of the existence of the specific unsafe working condition created by the defective breaks and of the resulting high degree of risk and the strong probability of serious injury or death to coal miners, including Moore, as set forth above.

(iii)    Requiring miners to drive a shuttle car with defective brakes presented a specific unsafe working condition that violated 30 C.F.R. §§ 75.512 as well as W. Va. C.S.R. § 36-18-4, all of which are safety standards within the coal mining industry that were applicable to the work and working conditions that resulted in the injury to Moore.  The foregoing state and federal regulations are intended to address the specific hazard presented by the unsafe working condition set forth above.  Moreover, the dangers resulting from operating vehicles with defective brakes that lock up unexpectedly should have been obvious to mine management.

(iv)    Notwithstanding the existence of the facts set forth above, the management employees of the defendants who had actual knowledge of the unsafe working condition prior to November 14, 2016,  nevertheless intentionally thereafter exposed Moore and others to the specific unsafe working condition caused by the defective brakes on the shuttle car that Moore and others were required to operate.

(v)    Moore has, on information and belief, a claim for injuries that meet the criterion set forth in W. Va. Code § 23-4-2(B)(v) as set forth in the recommendation of Dr. Bruce Guberman attached hereto as Exhibit B and as shall be demonstrated in Moore's medical records and at trial.

29.    Moore brings the claim prior to receiving a final award in his worker's compensation claim because the statute of limitation on for his claims against Leer and Arch expires on November 14, 2018, and, as a result, if Moore waited until he received a final award, the claims herein would be barred by the applicable statute of limitations.

30.     As a direct and proximate result of defendants' violation of § 23-4-2(d)(2)(B)(ii), Moore is entitled to recover damages for his injuries including, but not limited to, lost wages and benefits.

31.     As a direct and proximate result of defendants violation of § 23-4-2(d)(2)(B)(ii), Moore is entitled to recover damages for pain and suffering, loss of enjoyment of life, and permanent injury and scarring in an amount to be determined by the jury.

**SECOND CAUSE OF ACTION**
**(Negligence - Arch)**

32.     On information and belief, at all times relevant herein, Arch, a corporation separate from Leer, maintained a safety department which monitored and directed safety at the Leer Mine.

33.     At all times relevant herein, Arch's safety department knew or should have known of the problem with the brakes on the shuttle car Moore operated at the Leer Mine because Moore filled out forms to advise Arch of the problem.  On information and belief, those forms were communicated to Arch's safety department.

34.     In failing to address those safety problems at Leer, Arch breached its duty of due care and is therefore liable to Moore.

35.     As a direct and proximate result of Arch's breach of its duty of due care, Moore is entitled to recover damages for his injuries including, but not limited to, lost wages and benefits.

43.     As a direct and proximate result of defendant's violation of Arch's breach of its duty of due care, Moore is entitled to recover damages for pain and suffering, loss of enjoyment of life, and permanent injury and scarring in an amount to be determined by the jury.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that he be granted:

1.      Compensatory Damages as requested in this Complaint, including lost wages and benefits, pain and suffering, and emotional distress;

2.      Costs as provided by law;

3.      Pre-judgement and post-judgment interest;

4.      Such other and further relief as this Court may determine to be fair and equitable.

## **MOTION TO STAY**

Plaintiff also moves this Court to stay this case pending a final permanent partial disability ("PPD") award in the plaintiff's worker's compensation claim.  In support of this Motion, plaintiff states that under the July 1, 2015 amendment to the Deliberate Intent Statute, W. Va. Code § 23-4-1(d)(2)(B), a final award of 13% total person impairment is required in most cases to meet the elements of the claim.  *See* § 23-4-1(d)(2)(B)(v)(I).  However, there is no way for plaintiff to show he meets the 13% requirement until he receives a final PPD rating.  Given the circumstances, plaintiff was compelled to file the present case at this time so as not to miss the applicable statute of limitations.  But, at the same time, he cannot prevail in the case until a final ruling on his PPD.

Staying this case under the present circumstances comports with the Due Process Clause of the West Virginia Constitution, W. Va. Const. Art. III, §10, as well and the Due Process requirements of the Fifth and Fourteenth Amendments to the United States Constitution.  Due process generally requires procedural safeguards against State action that affects a liberty or property interest.  State action, such as amending a statute so that it interferes with a plaintiff's right to pursue his case in court for lack of a requirement that is not within his control, such as the timing of a final PPD award, or such as requiring a plaintiff to proceed with his case when critical evidence is not yet available to him, runs afoul of the concept of due process and is arbitrary and capricious.

Making entitlement to benefits dependent on when another proceeding is completed is not only arbitrary and capricious, but also denies Moore the equal protection of law creating two classes of worker's compensation claimants without any rational basis for doing so: one class of those whose PPD claims are completed before the statute of limitations runs and can pursue a deliberate intent claim and one class of those whose PPD claims are not completed before the statute of limitations runs and who cannot pursue a deliberate intent claim.  There is no rational basis consistent with the purposes of the statute for the differential treatment of the two classes.

WHEREFORE, plaintiff moves this Court for stay in this case until such time as a final determination of his disability can be had.

PLAINTIFF,
BY COUNSEL.


/s/ Allan N. Karlin
ALLAN N. KARLIN, WV BAR # 1953
JANE E. PEAK, WV BAR # 7213
ALLAN N. KARLIN & ASSOCIATES
174 CHANCERY ROW
MORGANTOWN, WV 26505
304-296-8266

.